# U.S. District Court
## U.S. District of Minnesota (DMN)
## CIVIL DOCKET FOR CASE #: <u>0:23–cv–01433–JRT–DJF</u>
### *Internal Use Only*

In Re: Lindell Management LLC Litigation
Assigned to: Judge John R. Tunheim
Referred to: Magistrate Judge Dulce J. Foster
Demand: $5,000,000
Member case:
    0:23–cv–01759–JRT–DJF
Cause: 28:1332 Diversity

Date Filed: 05/19/2023
Date Terminated: 02/27/2024
Jury Demand: None
Nature of Suit: 896 Other Statutes:
Arbitration
Jurisdiction: Diversity

**<u>Petitioner</u>**

**Robert Zeidman**

represented by  **Brian A Glasser**
Bailey & Glasser
209 Capitol Street
Charleston, WV 25301
304–345–6555
Fax: 304–342–1110
Email: bglasser@baileyglasser.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Cary Joshi**
Bailey & Glasser LLP
1055 Thomas Jefferson Street NW, Suite 540
Washington, DC 20007
202–463–2101
Fax: 202–463–2103
Email: cjoshi@baileyglasser.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David E Schlesinger**
Nichols Kaster PLLP
4700 IDS Center
80 S. 8th St.
Minneapolis, MN 55402
612–256–3277
Fax: 612–338–4878
Email: schlesinger@nka.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

| | | |
|---|---|---|
| **Lindell Management LLC** | represented by | **Thomas F Miller** |

Thomas F. Miller, P.A.
1000 Superior Blvd #303
Wayzata, MN 553911599
612−991−5992
Fax: 952−404−3893
Email: thomas@millerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alec J Beck**
Parker Daniels Kibort
123 N. Third Street
Suite 888
Minneapolis, MN 55401
612−355−4100
Email: beck@parkerdk.com
*TERMINATED: 03/20/2024*

**Andrew D Parker**
Parker Daniels Kibort LLC
123 North 3rd Street
Suite 888
Minneapolis, MN 55401
612−355−4100
Fax: 612−355−4101
Email: parker@parkerdk.com
*TERMINATED: 03/20/2024*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 05/19/2023 | 1 | PETITION *for Order Confirming Arbitration Award* against Lindell Management LLC (filing fee $ 402, receipt number AMNDC−10285995) filed by Robert Zeidman. Filer requests summons issued. (Attachments: # 1 Civil Cover Sheet) (Schlesinger, David) (Entered: 05/19/2023) |
| 05/19/2023 | 2 | DECLARATION of David E. Schlesinger re 1 Petition (in a Civil Case), by Robert Zeidman . (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B)(Schlesinger, David) (Entered: 05/19/2023) |
| 05/19/2023 | 3 | MOTION for Admission Pro Hac Vice for Attorney Cary Joshi. Filing fee $ 100, receipt number AMNDC−10286093 filed by Robert Zeidman. (Schlesinger, David) (Entered: 05/19/2023) |
| 05/19/2023 | 4 | MOTION for Admission Pro Hac Vice for Attorney Brian Glasser. Filing fee $ 100, receipt number AMNDC−10286110 filed by Robert Zeidman. (Schlesinger, David) |

| | | (Entered: 05/19/2023) |
|---|---|---|
| 05/19/2023 | 5 | (Text−Only) CLERK'S NOTICE OF INITIAL CASE ASSIGNMENT. Case assigned to Judge John R. Tunheim per Civil (3rd, 4th − Master) list, referred to Magistrate Judge Dulce J. Foster. Please use case number 23−cv−1433 JRT/DJF. <br><br> **Notice: All Nongovernmental Corporate Parties must file a Rule 7.1 Corporate Disclosure Statement.** <br><br> (CLK) (Entered: 05/19/2023) |
| 05/19/2023 | 6 | Summons Issued as to Lindell Management LLC. (CLK) (Entered: 05/19/2023) |
| 05/22/2023 | 7 | (Text−Only) ORDER granting 3 Motion for Admission Pro Hac Vice of Attorney Cary Joshi for Robert Zeidman.; granting 4 Motion for Admission Pro Hac Vice of Attorney Brian A Glasser for Robert Zeidman. Approved by Magistrate Judge Dulce J. Foster on 5/22/2023. (jam) (Entered: 05/22/2023) |
| 06/05/2023 | 8 | WAIVER OF SERVICE Returned Executed filed by Robert Zeidman. Lindell Management LLC waiver sent on 5/25/2023, answer due 7/24/2023. (Joshi, Cary) (Entered: 06/05/2023) |
| 06/16/2023 | 9 | MOTION to Dismiss/General filed by Lindell Management LLC. (Parker, Andrew) (Entered: 06/16/2023) |
| 06/16/2023 | 10 | NOTICE OF HEARING ON MOTION on a date to be determined (Parker, Andrew) Modified text on 6/20/2023 (JME). (Entered: 06/16/2023) |
| 06/16/2023 | 11 | MEMORANDUM in Support re 9 MOTION to Dismiss/General filed by Lindell Management LLC. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Parker, Andrew) (Entered: 06/16/2023) |
| 06/16/2023 | 12 | MEET and CONFER STATEMENT re 9 Motion to Dismiss/General filed by Lindell Management LLC.(Parker, Andrew) (Entered: 06/16/2023) |
| 06/16/2023 | 13 | PROPOSED ORDER TO JUDGE re 9 MOTION to Dismiss/General filed by Lindell Management LLC.(Parker, Andrew) (Entered: 06/16/2023) |
| 06/16/2023 | 14 | **RULE 7.1 DISCLOSURE STATEMENT.** <br> There is no parent corporation, publicly held corporation owning 10 percent or more of its stock, or any subsidiaries to report for Lindell Management LLC. (Parker, Andrew) (Entered: 06/16/2023) |
| 06/20/2023 | 15 | (Text−Only) ORDER: Due to the pending Motion to Dismiss (ECF No. 9 ), the Court finds there is good cause to delay the entry of a pretrial scheduling order. The Court will schedule a pretrial conference, if needed, promptly after a decision is issued on the pending motion. Ordered by Magistrate Judge Dulce J. Foster on 6/20/2023.(LNP) (Entered: 06/20/2023) |
| 06/22/2023 | 16 | ORDER TO CONSOLIDATE CASES. This matter is consolidated with Lindell Management LLC v. Zeidman, 23−cv−1759 (JRT/DJF) for **trial and pretrial proceedings**. See Order for additional details. (Written Opinion) Signed by Magistrate Judge Dulce J. Foster on 6/22/2023. (JC) (Entered: 06/22/2023) |
| 06/28/2023 | 17 | RESPONSE in Opposition re 9 MOTION to Dismiss/General filed by Robert Zeidman. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate, # 2 |

| | | |
|---|---|---|
| | | Exhibit(s) 1 (Declaration of Cary Joshi))(Joshi, Cary) (Entered: 06/28/2023) |
| 07/03/2023 | 18 | LETTER TO DISTRICT JUDGE by Lindell Management LLC *Judge Tunheim*. (Parker, Andrew) (Entered: 07/03/2023) |
| 07/24/2023 | 19 | REPORT *(Joint Rule 26(F) Report)* by Robert Zeidman. (Joshi, Cary) (Entered: 07/24/2023) |
| 07/25/2023 | 20 | PRETRIAL SCHEDULING ORDER: Motions (non−disp) due 9/25/2023. Motions (disp) due by 10/25/2023. Ready for trial due by 1/25/2024. SEE ORDER FOR FURTHER DETAILS. Signed by Magistrate Judge Dulce J. Foster on 7/25/2023.(LNP) (Entered: 07/25/2023) |
| 07/31/2023 | 21 | STIPULATION *(Joint Stipulation to Factual Record)* by Robert Zeidman. Jointly Signed by Lindell Management LLC. (Joshi, Cary) (Entered: 07/31/2023) |
| 08/04/2023 | 22 | MOTION to Confirm Arbitration Award *(ROBERT ZEIDMANS MOTION TO CONFIM THE ARBITRATION AWARD)* filed by Robert Zeidman. (Joshi, Cary) (Entered: 08/04/2023) |
| 08/04/2023 | 23 | NOTICE OF HEARING ON MOTION 22 MOTION to Confirm Arbitration Award *(ROBERT ZEIDMANS MOTION TO CONFIM THE ARBITRATION AWARD)* : Date and time to be determined. (Joshi, Cary) (Entered: 08/04/2023) |
| 08/04/2023 | 24 | MEMORANDUM in Support re 22 MOTION to Confirm Arbitration Award *(ROBERT ZEIDMANS MOTION TO CONFIM THE ARBITRATION AWARD)* filed by Robert Zeidman. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate, # 2 Exhibit(s) A)(Joshi, Cary) (Entered: 08/04/2023) |
| 08/04/2023 | 25 | MEET and CONFER STATEMENT re 22 Motion to Confirm Arbitration Award filed by Robert Zeidman.(Joshi, Cary) (Entered: 08/04/2023) |
| 08/04/2023 | 26 | PROPOSED ORDER TO JUDGE re 22 MOTION to Confirm Arbitration Award *(ROBERT ZEIDMANS MOTION TO CONFIM THE ARBITRATION AWARD)* filed by Robert Zeidman.(Joshi, Cary) (Entered: 08/04/2023) |
| 08/25/2023 | 27 | MEMORANDUM in Opposition re 22 MOTION to Confirm Arbitration Award *(ROBERT ZEIDMANS MOTION TO CONFIM THE ARBITRATION AWARD)* filed by Lindell Management LLC.(Beck, Alec) (Entered: 08/25/2023) |
| 08/25/2023 | 28 | DECLARATION of Alec J. Beck in Opposition to 22 MOTION to Confirm Arbitration Award *(ROBERT ZEIDMANS MOTION TO CONFIM THE ARBITRATION AWARD)* filed by Lindell Management LLC. (Attachments: # 1 Exhibit(s) Exhibit 1)(Beck, Alec) (Entered: 08/25/2023) |
| 08/25/2023 | 29 | LR7.1/LR72.2 WORD COUNT COMPLIANCE CERTIFICATE by Lindell Management LLC re 27 Memorandum in Opposition to Motion filed by Lindell Management LLC.(Beck, Alec) (Entered: 08/25/2023) |
| 09/05/2023 | 30 | REPLY re 22 MOTION to Confirm Arbitration Award *(ROBERT ZEIDMANS MOTION TO CONFIM THE ARBITRATION AWARD) (ROBERT ZEIDMANS REPLY IN FURTHER SUPPORT OF MOTION TO CONFIM ARBITRATION AWARD)* filed by Robert Zeidman.(Joshi, Cary) (Entered: 09/05/2023) |
| 09/05/2023 | 31 | LR7.1/LR72.2 WORD COUNT COMPLIANCE CERTIFICATE by Robert Zeidman re 30 Reply. (Joshi, Cary) (Entered: 09/05/2023) |

| | | |
|---|---|---|
| 09/07/2023 | 32 | LETTER TO DISTRICT JUDGE by Lindell Management LLC . (Parker, Andrew) (Entered: 09/07/2023) |
| 09/15/2023 | 33 | LETTER TO DISTRICT JUDGE by Robert Zeidman *(Responding to letter dated September 7, 2023 from counsel for Lindell Management LLC)*. (Joshi, Cary) (Entered: 09/15/2023) |
| 09/18/2023 | 34 | LETTER TO DISTRICT JUDGE by Lindell Management LLC . (Parker, Andrew) (Entered: 09/18/2023) |
| 10/10/2023 | 35 | MOTION to Vacate Arbitration Award filed by Lindell Management LLC. (Beck, Alec) (Entered: 10/10/2023) |
| 10/10/2023 | 36 | NOTICE OF HEARING ON MOTION 35 MOTION to Vacate Arbitration Award : Date and time to be determined. (Beck, Alec) (Entered: 10/10/2023) |
| 10/10/2023 | 37 | MEMORANDUM in Support re 35 MOTION to Vacate Arbitration Award filed by Lindell Management LLC. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Beck, Alec) (Entered: 10/10/2023) |
| 10/10/2023 | 38 | PROPOSED ORDER TO JUDGE re 35 MOTION to Vacate Arbitration Award filed by Lindell Management LLC.(Beck, Alec) (Entered: 10/10/2023) |
| 10/11/2023 | 39 | MEET and CONFER STATEMENT re 35 Motion to Vacate Arbitration Award filed by Lindell Management LLC.(Beck, Alec) (Entered: 10/11/2023) |
| 10/13/2023 | 40 | MEMORANDUM in Opposition re 35 MOTION to Vacate Arbitration Award *(ROBERT ZEIDMANS MEMORANDUM OF LAW IN OPPOSITION TO LINDELL MANAGEMENT, LLCS MOTION TO VACATE ARBITRATION AWARD)* filed by Robert Zeidman. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Joshi, Cary) (Entered: 10/13/2023) |
| 10/27/2023 | 41 | Reply to Response to Motion re 35 MOTION to Vacate Arbitration Award filed by Lindell Management LLC. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Parker, Andrew) (Entered: 10/27/2023) |
| 12/06/2023 | 42 | AMENDED NOTICE of Hearing on Motion: 22 MOTION to Confirm Arbitration Award *(ROBERT ZEIDMANS MOTION TO CONFIM THE ARBITRATION AWARD)* : Motion Hearing set for 1/3/2024 at 10:00 AM in Judge's Chambers 14E (MPLS) before Judge John R. Tunheim. (Joshi, Cary) (Entered: 12/06/2023) |
| 12/06/2023 | 43 | AMENDED NOTICE of Hearing on Motion: 35 MOTION to Vacate Arbitration Award : Motion Hearing set for 1/3/2024 at 10:00 AM in Courtroom 14E (MPLS) before Judge John R. Tunheim. (Beck, Alec) (Entered: 12/06/2023) |
| 01/05/2024 | 44 | (Text–Only) **MINUTE ENTRY for proceedings held before Judge John R. Tunheim on 1/5/2024: Oral Arguments Motion Hearing.**<br><br>Court Reporter: Kristine Mousseau<br>Minneapolis Courthouse, Courtroom 14E<br>Time commenced: 10:24AM<br>Time concluded: 10:54AM<br>Total Time: 30 minutes<br><br>**APPEARANCES:**<br>**For Plaintiff(s):** Cary Joshi; David Schlesinger |

| | | |
|---|---|---|
| | | **For Defendant(s):** Alec Beck<br><br>**PROCEEDINGS:**<br>**Hearing on: 22 MOTION to Confirm Arbitration Award** (*ROBERT ZEIDMANS MOTION TO CONFIM THE ARBITRATION AWARD*) **filed by Robert Zeidman, 35 MOTION to Vacate Arbitration Award filed by Lindell Management LLC.**<br>The motions were argued and taken under advisement. Order to follow.<br><br>(HMA) (Entered: 01/05/2024) |
| 02/21/2024 | 45 | **MEMORANDUM OPINION AND ORDER CONFIRMING ARBITRATION AWARD** Plantiff's Motion to Confirm Arbitration Award 22 is GRANTED. Defendant's Motion to Vacate Arbitration Award 35 is DENIED. (Written Opinion) Signed by Judge John R. Tunheim on 2/21/2024. (KKM) (Entered: 02/21/2024) |
| 02/22/2024 | 46 | JUDGMENT in favor of Robert Zeidman against Lindell Management LLC (Attachments: # 1 Civil Notice – appeal)(MMP) (Entered: 02/22/2024) |
| | | *Main Document* |
| | | Attachment # 1 *Civil Notice − appeal* |
| 03/20/2024 | 47 | DOCUMENT FILED IN ERROR–WILL REFILE. NOTICE OF ATTORNEY SUBSTITUTION for Lindell Management LLC. (Beck, Alec) Modified text on 3/20/2024 (MKB). (Entered: 03/20/2024) |
| 03/20/2024 | 48 | NOTICE OF ATTORNEY SUBSTITUTION for Lindell Management LLC. (Beck, Alec) (Entered: 03/20/2024) |
| 03/21/2024 | 49 | NOTICE OF APPEAL TO 8TH CIRCUIT by Lindell Management LLC. Filing fee $ 605, receipt number AMNDC−10922675. (Miller, Thomas) (Entered: 03/21/2024) |
| 03/22/2024 | 50 | TRANSMITTAL OF APPEAL LETTER TO U. S. COURT OF APPEALS, 8TH CIRCUIT, Re: Notice of Appeal to 8th Circuit 49 . (MMP) (Entered: 03/22/2024) |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ROBERT ZEIDMAN,

                                                    Civil No. 23-1433 (JRT/DJF)

                              Plaintiff,

v.

                                        **MEMORANDUM OPINION AND ORDER**

LINDELL MANAGEMENT LLC,              **CONFIRMING ARBITRATION AWARD**

                              Defendant.

---

> Brian A. Glasser, **BAILEY & GLASSER LLP**, 209 Capitol Street, Charleston, WV
> 25301; Cary Joshi, **BAILEY & GLASSER LLP**, 1055 Thomas Jefferson Street
> Northwest, Suite 540, Washington, DC 20007; David E. Schlesinger,
> **NICHOLS KASTER PLLP**, 4700 IDS Center, 80 South Eighth Street,
> Minneapolis, MN 55402, for Plaintiff.
>
> Alec J. Beck and Andrew D. Parker, **PARKER DANIELS KIBORT LLC**, 123 North
> Third Street, Suite 888, Minneapolis, MN 55401, for Defendant.

Plaintiff Robert Zeidman responded to Defendant Lindell Management LLC's

("Lindell LLC") "Prove Mike Wrong Challenge" ("Challenge") concerning November 2020

election fraud allegations.  Zeidman presented his findings to the Challenge judges and

upon receipt of an unfavorable outcome, he filed an arbitration demand.  The arbitration

panel ("panel") unanimously found Zeidman won the Challenge and ordered Lindell LLC

to pay Zeidman the $5 million reward.  Both parties have asked the Court to review the

arbitration award.  Because the panel arguably interpreted and applied the contract, the

Court will confirm the arbitration award and deny Lindell LLC's motion to vacate the award.

## BACKGROUND

### I.   FACTS

Zeidman has 45 years of software development experience.  (Decl. David E. Schlesinger ("Schlesinger Decl.") ¶ 3, Ex. B ("Arb. Award") at 3, May 19, 2023, Docket No. 2-2.)[1]  Lindell LLC is a Minnesota LLC owned and operated by Michael Lindell.  (*Id.*)  Lindell is widely known to have disputed the 2020 election results.  (*Id.* at 3–4.)  Under suspicions of Chinese involvement in the 2020 presidential election, Lindell LLC hosted a Cyber Symposium which included a "Prove Mike Wrong Challenge."  (*Id.* at 3–4.)  A participant who proved "that this cyber data is not valid data from the November Election" would be awarded $5 million.  (*Id.* at 5.)

Zeidman signed the Challenge rules, which included mandatory arbitration.  (*Id.* at 6; Schlesinger Decl. ¶ 2, Ex. A ("Challenge Official Rules") ¶ 9, May 19, 2023, Docket No. 2-1.)  The relevant Challenge rules stated:

> 1.   Overview.   Lindell Management, LLC. ("Lindell [LLC]") has created a Challenge where participants will participate in a challenge to prove that the data Lindell [LLC] provides, and represents reflects information from the November 2020 election, unequivocally does NOT reflect information related to the November 2020 election (the "Challenge"). …

---

[1] The parties agreed that the record for the Court's review is the uncontested factual record from the arbitration proceedings.  (Joint Stipulation Factual R. at 1, July 31, 2023, Docket No. 21.)

5.  Participants must submit all of their evidence in writing to a three member panel selected by Lindell [LLC] who will determine whether the submission proves to a 100% degree of certainty that the data shown at the Symposium is not reflective of November 2020 election data.

6.  Winners.  The winners will be determined on August 12, 2021 by 8:00 pm CDT.  The three-member panel selected by Lindell [LLC] will identify the winners based on their professional opinion that the submission proves to a 100% degree of certainty that the data shown at the Symposium is not reflective of November 2020 election data. …

7.  … In the event there is an alleged or actual ambiguity, discrepancy or inconsistency between disclosures or other statements contained in any Challenge-related materials and/or these Official Rules (including any alleged discrepancy or inconsistency in these Official Rules), it will be resolved in Lindell [LLC]'s sole discretion. …

(Arb. Award at 6 (omission in original).)

Before the Challenge, Lindell LLC had a group of software professionals review the data.  (*Id.* at 7.)  The format of the data surprised the professionals as they expected it to be packet capture data, or PCAP files.  (*Id.*)  "Most or all" of the data originated from Dennis Montgomery who claimed to have captured the data from internet traffic.  (*Id.* at 8.)  Data extracted in real time from the internet is expected to be packet capture data or PCAP files.  (*Id.*)

Lindell LLC provided Zeidman with 11 files, only a portion of the total data.  (*Id.* at 9–10.)  After reviewing the files, Zeidman presented a 15-page report explaining that each file he received lacked packet capture data.  (*Id.* at 10.)  After considering Zeidman's response, the Challenge judges determined he had not provided enough information to unequivocally prove the data was not election data.  (*Id.* at 11.)  In response, Zeidman filed an arbitration demand.  (*Id.*)

The panel limited its decision to whether Zeidman won the Challenge, whether the Challenge rules were unconscionable, and whether Lindell LLC violated the Minnesota Consumer Fraud Act.  (*Id.*)  The panel further limited itself to the 11 files Zeidman analyzed.  (*Id.* at 11.)

The panel determined Minnesota contract law applied to the legal issues.  (*Id.*)  The panel began by interpreting two phrases: (1) "prove that the data Lindell [LLC] provides, and represents reflects ***information from the November 2020 election***, unequivocally does NOT reflect information related to the November 2020 election," and (2) "whether the submission proves to a 100% degree of certainty that the data shown at the Symposium is not reflective of ***November 2020 election data***."  (*Id.* at 12–13 (emphasis in Arb. Award).)

The parties and the panel agreed that the language in the Challenge rules was unambiguous, and thus interpretation required no parole or extrinsic evidence.  (*Id.* at 13, 15.)  The panel determined that "from the election" unambiguously meant data specifically "from the election process itself," rather than any data broadly "related to" or "about" the election as Lindell LLC argued.  (*Id.* at 13–14.)  While unambiguous contract terms are to be given their plain meaning, the panel explained that the meaning still must be reasonable in the context of the entire contract, construed with the parties' intent in mind, and the panel feared the reading proposed by Lindell LLC would render the Challenge unwinnable and thus unreasonable.  (*Id.* at 13–15.)  The panel also concluded

that the only possible election data would be packet capture data, so if the participant concluded it was not that type of data, they would have proven it cannot be "related to the November 2020 election." (*Id.* at 14.)

With the meanings of the unambiguous terms established, the panel then looked at Zeidman's proof for each file, his expert support, and the responses of Lindell LLC's experts. (*Id.*) The panel concluded that Zeidman proved that each file did not include packet capture data and thus was not related to the November 2020 election, so he had satisfied the Challenge rules, and was entitled to the $5 million reward. (*Id.* at 15–22.) The panel then disposed of the unconscionability and Minnesota Consumer Fraud Act claims. (*Id.* at 23.)

## II.    PROCEDURAL HISTORY

Lindell LLC filed a motion in state court to vacate the arbitration award. (*See* Order at 1, Jun. 22, 2023, Docket No. 1.) Zeidman filed this current action to confirm the arbitration award. (Pet., May 19, 2023, Docket No. 1.) The state action was removed to federal court and consolidated with this action. (*See* Order at 2–3.)

## DISCUSSION

## I.    STANDARD OF REVIEW

A court's review of an arbitration award is very limited. *Lee v. Chica*, 983 F.2d 883, 885 (8th Cir. 1993). Where parties agree to arbitrate, a court cannot substitute a judicial determination for the arbitrator's decision. *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 40–41 n.10 (1987). Courts may not review the merits of an

arbitration award "even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract."  *Bureau of Engraving, Inc. v. Graphic Commc'n Int'l Union, Loc. 1B*, 284 F.3d 821, 824 (8th Cir. 2002) (quoting *Misco*, 484 U.S. at 36).  Even if the Court is convinced that the arbitrator committed serious factual or legal error, so "long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," arbitration awards must be confirmed.  *Id.* (quoting *Misco*, 484 U.S. at 38).

Although extremely limited, arbitration awards are not entirely free from judicial review.  The Federal Arbitration Act ("FAA") provides limited grounds on which an arbitration award may be vacated.  9 U.S.C. § 10.  The FAA requires that an arbitration be upheld unless it is obtained by "corruption, fraud, or undue means," where there is "evident partiality or corruption in the arbitrators," where there was misconduct by the arbitrators, or where the arbitrators exceeded their powers.  *Id.* §§ 10(a)(1)–(4).  The Eighth Circuit has held that beyond the grounds provided in the FAA, an arbitration award will be vacated only where it is "completely irrational or evidences a manifest disregard for the law."  *Hoffman v. Cargill, Inc.*, 236 F.3d 458, 461 (8th Cir. 2001) (citation omitted).

## II.   ANALYSIS

Lindell LLC challenges the arbitration award on only one ground; that the panel acted outside the scope of its authority by modifying the Challenge rules.

### A.      Contract Interpretation Under Minnesota Law

The arbitration clause of the Challenge rules allowed the panel to interpret the contract and apply it to Zeidman's performance.   The primary goal in interpreting a contract is "to determine and enforce the intent of the parties." *Staffing Specifix, Inc. v. TempWorks Mgmt. Servs., Inc.*, 913 N.W.2d 687, 692 (Minn. 2018) (quotation omitted). Whether a contract is ambiguous, and the interpretation of an unambiguous term are questions of law. *Denelsbeck v. Wells Fargo & Co.*, 666 N.W.2d 339, 346 (Minn. 2003).  "A contract is ambiguous only if its language is reasonably susceptible to more than one interpretation." *Winthrop Res. Corp. v. Sabert Corp.*, 567 F. Supp. 2d 1084, 1091 (D. Minn. 2008) (citing *Art Goebel, Inc. v. N. Suburban Agencies, Inc.*, 567 N.W.2d 511, 515 (Minn. 1997)).  The interpretation of an ambiguous term is a factual question. *See Denelsbeck*, 666 N.W.2d at 346.  Because the parties and the panel agree that the Challenge rules are unambiguous, the interpretation is a matter of law for the panel to decide.

Unambiguous terms in a contract are to be given their plain and ordinary meaning. *Minneapolis Pub. Hous. Auth. v. Lor*, 591 N.W.2d 700, 704 (Minn. 1999).  The contract terms are also to be interpreted as a whole, within the context of the entire contract, to meet the parties' intent and harmonize all contract provisions.  *Trebelhorn v. Agrawal*, 905 N.W.2d 237, 242 (Minn. Ct. App. 2017).   Unambiguous provisions cannot be rewritten, modified, or limited in effect by a specific construction. *Storms, Inc. v. Mathy Constr. Co.*, 883 N.W.2d 772, 776 (Minn. 2016) (citation omitted).  Additionally, extrinsic evidence cannot be used when the contract is unambiguous. *Trebelhorn*, 905 N.W.2d at

-7-

243.  When the contract term is unambiguous, the parties' intent must be determined

from the "language of the written contract alone."  *Minnesota Vikings Football Stadium,*

*LLC v. Wells Fargo Bank, Nat'l Ass'n*, 193 F. Supp. 3d 1002, 1011 (D. Minn. 2016) (citation

omitted).

### B.    Contract Modification

Lindell LLC argues the panel modified the Challenge rules in two ways: inputting

the requirement of packet capture data and reversing the burden such that it rested with

Lindell LLC.  Arbitrators are not entitled to deference when their interpretation does not

"draw its essence" from the contract such that its interpretation of an unambiguous term

is "expressly contrary to the terms of the agreement."  *United States Postal Serv. v. Am.*

*Postal Workers Union, AFL-CIO*, 907 F. Supp. 2d 986, 993–94 (D. Minn. 2012) (citation

omitted).

### i.  Language Modification

The panel began its analysis of the Challenge rules by accepting the proposition of

both parties that the language was unambiguous and thus could be interpreted without

the use of extrinsic evidence.  When it identified the provisions requiring interpretation,

its focus was less on the term "related to" and more on the overall concept of

"information from the November 2020 election" and "November 2020 election data."

The panel's conclusion that the contract referred to data specifically from the

election process considered the fact that anything even remotely connected to the

election, as Lindell LLC proposed, could include newspaper articles and broadcast news

which would effectively negate the purpose of having a challenge to begin with.  The Court finds this step in the interpretation to logically honor and harmonize the contract. Thus, the panel did not modify the contract or exceed its scope by imposing this interpretation.

The panel took its interpretation a step further by finding packet capture data was the only possible type of election data.  The panel justified this finding with the fact that the data was captured from the internet and the only possible way to capture data live from the internet is through packets.  The panel cited to the statement by Dr. Douglas Frank, one of Lindell LLC's experts and a Challenge judge, and statements by Lindell himself that claimed the data would be in packet form and if it was not in packet form, it could not be election data.  The panel also referenced the source of "most or all" of the data, Dennis Montgomery, who "captured the data from internet traffic."  (Arb. Award at 7.)  All this information together led the panel to the conclusion that if the data were to relate to the election, it would have to be packet capture data and thus proof that the data was in any other form proved it was not election data.

The Court tracks the path interpreting "election data" but finds the panel loses focus on its discussion of packet capture data.  Admittedly, the panel was tasked with the difficult job of interpreting a poorly written contract, but in evaluating the same information, the Court finds it to be quite a leap that the only possible data that could constitute "election data" would be packet capture data.

However, the Court's potential disagreement with the outcome is not the standard upon which to review an arbitration award.   The Court must only decide if the panel was arguably applying the contract.  *Horton, Inc. v. NSK Corp., Inc.*, 544 F. Supp. 2d 817, 823 (D. Minn. 2008).  There are two explanations for the panel's outcome that align with the legal standard of review.  First, it is possible that the insertion of packet capture data was simply an application of the law to the facts in this case.  More likely, although the panel and parties agreed the language was unambiguous, the panel used extrinsic evidence.

Under Minnesota contract law, in interpreting unambiguous terms, the use of extrinsic evidence is not permitted.  *Trebelhorn*, 905 N.W.2d at 243.  But even a serious legal error is not a reason to vacate the award.  *Horton*, 544 F. Supp. 2d at 823.  Because the panel was arguably interpreting and applying the contract, even the potentially serious legal error of using extrinsic evidence to interpret an unambiguous term is not enough to vacate the award.  As such, the Court will not vacate the award despite the fact that it may have reached a different outcome if reviewing the case *de novo*.[2]

### ii.  Burden Shift

Lindell LLC's burden shift argument stems from the panel's interpretation of the language stating that Challenge participants must "prove that the data Lindell [LLC]

---

[2] To be clear, the Court's disagreement with the panel is limited to the technical matter of contract interpretation.  It will not entertain any unproven theories of election fraud or interference and its position here should not be understood as even the slightest endorsement of Lindell's broader election related claims.

provides, and represents reflects **_information from the November 2020 election_**, unequivocally does NOT reflect information related to the November 2020 election." (Arb. Award at 12–13 (emphasis in Arb. Award).)  The dispute is over whether the first clause can be read into the Challenge rules or if it is merely a predecessor statement to contextualize what the participants must do.

Lindell LLC argues that the panel's decision that Zeidman need only insert doubt about the data Lindell LLC presented is not the same as proving that the data is unequivocally not from the election thus shifting the burden and modifying the contract. Lindell LLC's argument may be a compelling alternative interpretation but the standard for reviewing an arbitration award does not weigh competing interpretations.  The Court is not at liberty to review the outcome of an arbitration award simply because one party believes it to be incorrect.  Retrial of the issues is not within the purview of the Court.  *St. Mary's Med. Ctr. v. Int'l Union of Operating Eng'rs, Local 70*, No. 11-1641, 2013 WL 3270388, at \*2 (D. Minn. June 26, 2013) (citing *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013)).  Thus, Lindell LLC's burden shifting argument is insufficient to vacate the arbitration award when the panel's result conforms with its authority to interpret the contract.

## CONCLUSION

The Court's responsibility in reviewing an arbitration award is not to reevaluate the merits but rather ensure that the panel acted appropriately.  Lindell LLC's only basis for

-11-

Court action was that the panel acted outside the scope of its authority in issuing the award.   Even though the Court may have reached a different outcome given an independent initial review of the information, the Court fails to identify evidence that the panel exceeded its authority.   Under the Court's narrow review, it will confirm the arbitration award.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion to Confirm Arbitration Award [Docket No. 22] is **GRANTED**.

2.  Defendant's Motion to Vacate Arbitration Award [Docket No. 35] is **DENIED**.

3.  Plaintiff is awarded $5 million plus post-judgment interest beginning April 19, 2023, to be paid within 30 days of issuance of this Order, per the Arbitration Award.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  February 21, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

March 22 2024 p 18

# UNITED STATES DISTRICT COURT

## District of Minnesota

Robert Zeidman,

**JUDGMENT IN A CIVIL CASE**

Petitioner(s),

v.

Case Number: 23-cv-1433 JRT/DJF

Lindell Management LLC,

Respondent(s).

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiff's Motion to Confirm Arbitration Award [Docket No. 22] is **GRANTED**.

2. Defendant's Motion to Vacate Arbitration Award [Docket No. 35] is **DENIED**.

3. Plaintiff is awarded $5 million plus post-judgment interest beginning April 19, 2023, to be paid within 30 days of issuance of this Order, per the Arbitration Award.

Date: 2/22/2024

KATE M. FOGARTY, CLERK

1



# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S. Courthouse and Federal Building**
118 South Mill Street
Fergus Falls, MN 56537

## CIVIL NOTICE

**The appeal filing fee is $605.00. If you are indigent, you can apply for leave to proceed in forma pauperis, ("IFP").**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals or the Federal Circuit Court of Appeals (when applicable) from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or
2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or
3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or
4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
|  | Case No. 0:23-cv-01433-JRT-DJF |
| In re: Lindell Management LLC Litigation |  |

## NOTICE OF APPEAL

Pursuant to Fed. R. App. P. 3(c)(1) and 4(a), notice is hereby given in the above-captioned case that Lindell Management LLC appeals to the United States Court of Appeals for the Eighth Circuit.  Lindell Management LLC appeals from the Judgment entered by the U.S. District Court for the District of Minnesota on February 22, 2024, Docket No. 46.

**THOMAS F. MILLER, P.A.**

Dated:   March 21, 2024        By:  */s/ Thomas F. Miller*
                                    Thomas F. Miller (#73477)
                                    1000 Superior Blvd., Suite 303
                                    Wayzata, MN 55391
                                    Phone: (612) 991-5992
                                    Fax: (952) 404-3893
                                    *thomas@millerlaw.com*

                                    *Attorney for Respondent Lindell*
                                    *Management, LLC*



# UNITED STATES
# DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal**
**Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy**
**U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal**
**Building and U.S. Courthouse**
**and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S.**
**Courthouse and Federal**
**Building**
118 South Mill Street
Fergus Falls, MN 56537

## TRANSMITTAL OF APPEAL

Date:   March 22, 2024

To:      U.S. COURT OF APPEALS, 8TH CIRCUIT

From:   mmp U.S. District Court-Minnesota

In Re:   District Court Case No. 23-cv-1433 JRT/DJF
          Eighth Circuit Case No.:  Not yet assigned
          Case Title:  In Re: Lindell Management LLC Litigation

The statutory filing fee has:
          ☒been paid, receipt number: AMNDC-10922675
          ☐not been paid as of
                    IFP   ☐is   ☐is not pending
          ☐been waived because:
                    ☐Application for IFP granted   ☐USA filed appeal

Length of Trial:  n/a

Was a court reporter utilized?   ☒Yes   ☐No
          If yes, please identify the court reporter: Kristine Mousseau 612-664-5000