# NO. 24-1608

In The

# United States Court Of Appeals
## For The Eighth Circuit

**ROBERT ZEIDMAN,**

*Petitioner - Appellee,*

**v.**

**LINDELL MANAGEMENT LLC,**

*Respondent - Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
(Case No.: 0:23-cv-01433-JRT, John R. Tunheim, U.S. District Judge)

---

**BRIEF OF APPELLEE**

---

Gregory Y. Porter
Ryan T. Jenny
B<small>AILEY</small> & G<small>LASSER</small>, LLP
1055 Thomas Jefferson Street, NW
Suite 540
Washington, DC 20007
(202) 463-2101

*Counsel for Appellee*

*Gibson*Moore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

Appellate Case: 24-1608    Page: 1    Date Filed: 06/13/2024 Entry ID: 5403316

# SUMMARY OF THE CASE

On August 10, 2021, Robert Zeidman traveled to Sioux Falls, South Dakota, to participate in the Prove Mike Wrong Challenge ("the Challenge") at the "Cyber Symposium." Zeidman proved that purported 2020 election data proffered by Lindell Management LLC ("Lindell") was not 2020 election data, but Lindell failed to make good on its promise to pay $5 million dollars to Zeidman. Zeidman brought an arbitration claim against Lindell as required by the Challenge rules.

After a full evidentiary hearing, a panel of three arbitrators entered a unanimous Arbitration Award ("Award") to Zeidman of $5,000,000.

Zeidman moved to confirm the Award in the district court; Lindell moved to vacate the award. Lindell made only one argument: the panel acted outside the scope of its authority by modifying the Challenge rules. The district court correctly concluded that the panel acted well within the scope of its authority, there were no grounds to vacate the Award, and it confirmed the Award.

Lindell appealed. The appeal is meritless for the reasons explained by the district court. Lindell argues nothing more than the Panel incorrectly interpreted the contract. An attempt to vacate an arbitrator's decision because a party disagrees with the arbitrator's interpretation of the contract is "not properly addressed to a court." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 572 (2013).

This case is ripe for summary affirmance and no oral argument is necessary.

# **TABLE OF CONTENTS**

Page:

SUMMARY OF THE CASE...........................................................................i

TABLE OF AUTHORITIES......................................................................iii

STATEMENT OF THE ISSUE....................................................................1

STATEMENT OF THE CASE .....................................................................2

      Statement of Facts ............................................................................3

SUMMARY OF ARGUMENT.....................................................................6

ARGUMENT ................................................................................................7

      A.    STANDARD OF REVIEW.............................................................. 7

      B.    LINDELL FAILS TO RAISE ANY GROUND RECOGNIZED BY THE FAA THAT WOULD AUTHORIZE THIS COURT TO OVERTURN THE DISTRICT COURT'S RULING ..................................................10

CONCLUSION ..........................................................................................13

CERTIFICATE OF COMPLIANCE..........................................................14

CERTIFICATE OF SERVICE...................................................................15

# TABLE OF AUTHORITIES

Page(s):

**Cases:**

*Beumer Corp. v. ProEnergy Servs., LLC*,
    899 F.3d 564 (8th Cir. 2018) ...................................................... 1, 9, 11, 12

*Bureau of Engraving, Inc. v. Graphic Commc'n Int'l Union, Loc. 1B*,
    284 F.3d 821 (8th Cir. 2002) ........................................................ 1, 6, 9, 12

*Crawford Group, Inc. v. Holekamp*,
    543 F.3d 971 (8th Cir. 2008) ............................................................ 1, 8, 10

*Hall Street Associates, L.L.C. v. Mattel, Inc.*,
    552 U.S. 576 (2008) ............................................................................. *passim*

*Indus. Steel Constr. Inc. v. Lunda Constr. Co.*,
    33 F. 4th 1038 (8th Cir. 2022) .......................................................................... 9

*Martinique Properties, LLC v. Certain Underwriters at Lloyd's of London*,
    60 F.4th 1206 (8th Cir. 2023) ......................................................................... 11

*Medicine Shoppe Int'l, Inc. v. Turner Invs., Inc.*,
    614 F.3d 485 (8th Cir. 2010) ............................................................. 8, 10, 11

*Oxford Health Plans LLC v. Sutter*,
    569 U.S. 564 (2013) ........................................................................... i, 9, 10

*Schoch v. InfoUSA, Inc.*,
    341 F.3d 785 (8th Cir. 2003) ............................................................ 8, 9, 12

*Stark v. Sandberg, Phoenix & von Gontard, P.C.*,
    381 F.3d 793 (8th Cir. 2004) .......................................................................... 9

*United Paperworkers Int'l Union v. Misco, Inc.*,
    484 U.S. 29 (1987) ......................................................................................... 9

**Statutes:**

9 U.S.C. §§ 1-14 ...................................................................................................7

9 U.S.C. § 6 ..........................................................................................................7

9 U.S.C. § 9 ..........................................................................................................7

9 U.S.C. § 10 ........................................................................................1, 7, 10, 11

9 U.S.C. § 10(a) ...................................................................................................8

9 U.S.C. § 11 .................................................................................................7, 11

9 U.S.C. §§ 9–11 .............................................................................................1, 7

28 U.S.C. § 1332 .................................................................................................2

**Rules:**

Fed. R. Civ. P. 26(f) ............................................................................................5

# STATEMENT OF THE ISSUE

Whether the district court properly entered its order confirming the Award when the record before the court established that the Panel, acting within the scope of its authority, issued a mutual, final and definite decision that drew its essence from the contract and was not subject to vacatur under any basis recognized by § 10 of the Federal Arbitration Act?

*Beumer Corp. v. ProEnergy Servs., LLC*, 899 F.3d 564 (8th Cir. 2018).

*Bureau of Engraving, Inc. v. Graphic Commc'n Int'l Union, Loc. 1B*, 284 F.3d 821 (8th Cir. 2002).

*Crawford Group, Inc. v. Holekamp*, 543 F.3d 971 (8th Cir. 2008).

*Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008).

9 U.S.C. §§ 9–11.

# STATEMENT OF THE CASE

This appeal stems from an arbitration that Zeidman brought against Lindell. Zeidman claimed that Lindell violated the terms of the Challenge by failing to pay Zeidman $5 million when Zeidman proved that purported November 2020 election data proffered by Lindell was not November 2020 election data. A panel of three AAA arbitrators unanimously found that Zeidman had proved his data claim, Lindell breached the contract, and Lindell must pay Zeidman $5 million.

Lindell refused to pay the $5 million award, instead filing a petition to vacate the arbitration award with the District Court of Hennepin County, Minnesota. Appellee App. 6, R. Doc. 1-1, at 2. Before the petition to vacate had been docketed or served, Zeidman filed a petition to confirm the award in federal court. Appellee App. 1, R. Doc. 1, at 1. Zeidman then removed Lindell's petition to vacate to federal court and the competing petitions were consolidated there. Appellant App. 60, R. Doc. 16, at 1. The district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. The district court denied Lindell's motion on February 21, 2024, and entered its judgment confirming the Award on February 22, 2024. Appellant App. 7, R. Doc. 45, at 1; Appellant App. 19, R. Doc. 46, at 1. Lindell filed its notice of appeal on March 21, 2024. Appellant App. 20, R. Doc. 49, at 1.

## Statement of Facts

On August 10, 2021, Zeidman traveled to Sioux Falls, South Dakota, to participate in the Prove Mike Wrong Challenge ("the Challenge") at the Cyber Symposium. The Cyber Symposium, which took place on August 10–12, 2021, was sponsored and hosted by Michael J. Lindell, the registered agent and manager of Lindell Management LLC ("Lindell"). The Challenge rules were in the contract that all participants signed to enter the Challenge ("the Rules"). Appellant App. 46, R. Doc. 2-1, at 2. Under the Rules, participants in the Challenge had to "prove that the data Lindell provides, and represents reflects information from the November 2020 election, unequivocally does NOT reflect information related to the November 2020 election." (*Id*. ¶ 1 (emphasis in the original)). The Rules said the winner of the Challenge would receive $5 million. (*Id.*). The Rules also provided that parties were required to submit any and all claims related to the Challenge to final, binding arbitration under the Rules of the American Arbitration Association:

> **ARBITRATION.** YOU AND LINDELL AGREE THAT IN THE EVENT OF ANY CLAIM, DISPUTE, OR CONTROVERSY (WHETHER IN CONTRACT,TORT, OR OTHERWISE) ARISING OUT OF, RELATING TO, OR CONNECTED IN ANY WAY WITH THE CHALLENGE, OR THE BREACH, ENFORCEMENT, INTERPRETATION, OR VALIDITY OF THESE TERMS & CONDITIONS ("CLAIM"), SUCH CLAIM WILL BE RESOLVED EXCLUSIVELY BY FINAL AND BINDING ARBITRATION. ARBITRATION IS MORE INFORMAL THAN A LAWSUIT IN COURT AND USES A NEUTRAL ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION IS SUBJECT TO VERY LIMITED REVIEW BY COURTS, BUT ARBITRATORS CAN AWARD THE SAME DAMAGES AND RELIEF THAT A COURT

CAN AWARD. THE ARBITRATION WILL BE CONDUCTED UNDER THE THEN CURRENT RULES OF THE AAA AND CONDUCTED IN ENGLISH. THE AAA RULES ARE AVAILABLE ONLINE AT WWW.ADR.ORG OR BY CALLING THE AAA AT 1-800-778-7879. THE LOCATION OF ANY ARBITRATION SHALL BE MINNEAPOLIS, MINNESOTA.

(*Id.* ¶ 9).

On November 3, 2021, Robert Zeidman filed an arbitration demand against Lindell alleging that Lindell breached the contract between the parties and that Lindell violated the Minnesota Consumer Fraud Act.

The arbitration panel ("the Panel") had three members. One arbitrator was chosen by Lindell, one by Zeidman, and the third proposed by Lindell and accepted by Zeidman. Appellee App. 39, R. Doc. 17-2, at 2.

The Panel held a three-day hearing in Minneapolis, Minnesota, on January 17-19, 2023. Appellee App. 2, R. Doc. 1, at 2. The parties submitted post-hearing briefs, with closing arguments on March 18, 2023. (*Id.*). On April 19, 2023, the Panel issued a 23-page, unanimous decision finding Zeidman had fully performed under the contract by proving the data Lindell provided, and claimed reflected information from the November 2020 election, unequivocally did not reflect November 2020 election data. Appellant App. 43, R. Doc. 2-2, at 23. The Panel held that Lindell breached the contract by failing to pay Zeidman the $5 million prize. (*Id.*). The Panel also held the claim under the Minnesota Consumer Fraud Act was moot because Zeidman won his contract claim. (*Id.*).

The Award entitles Zeidman to judgment against Lindell in the amount of $5,000,000 to be paid within 30 days of the date of the award, which was May 19, 2023. (*Id.*).

On May 18, 2023, Lindell filed a petition to vacate the arbitration award with the District Court of Hennepin County, Minnesota. Appellee App. 6, R. Doc. 1-1, at 2. Before the petition to vacate had been docketed or served, Zeidman filed a petition to confirm the award in federal court. Appellee App. 1, R. Doc. 1, at 1. He then removed Lindell's petition to vacate to federal court and the competing petitions were consolidated there. Appellant App. 60, R. Doc. 16, at 1.

Following the consolidation, the parties filed a Fed. R. Civ. P. 26(f) report in which they agreed to waive all discovery and have the case decided on dispositive motions. Appellee App. 41, R. Doc. 19, at 1. The court entered a pre-trial scheduling order on July 25, 2023. Appellee App. 46, R. Doc. 20, at 1. The parties stipulated to the facts in the case, namely the transcripts and exhibits from the underlying arbitration. Appellee App. 52, R. Doc. 21, at 1. The district court denied Lindell's motion on February 21, 2024, and entered its judgment confirming the Award on February 22, 2024. Appellant App. 7, R. Doc. 45, at 1; Appellant App. 19, R. Doc. 46, at 1.

Lindell filed its Notice of Appeal on March 21, 2024. Appellant App. 20, R. Doc. 49, at 1.

On appeal, Lindell presents numerous erroneous facts that are irrelevant to the issue presented on appeal—whether the district court erred in confirming the Award.

5

# SUMMARY OF ARGUMENT

This Court should affirm the district court's judgment confirming the Award in favor of Zeidman for several reasons. First, the district court was required to give an extraordinary level of deference to the Award. The court could only vacate or modify the Award based upon grounds specifically enumerated within the Federal Arbitration Act ("FAA"). The record plainly did not support vacation or modification based on any of those grounds. To the contrary, after what both parties described as a full and fair hearing on the merits, a panel of three arbitrators issued an unanimous Award that was supported by the evidence. The Award conformed with the Agreement that gave rise to the dispute. In testimony and briefing before the Panel, there was abundant evidence establishing that Lindell breached the Agreement. Lindell's attempt to rehash the evidence provides no grounds for reversal; neither the district court nor this Court "sit[s] to hear claims of factual or legal error by an arbitrator." *Bureau of Engraving, Inc. v. Graphic Commc'n Int'l Union, Loc. 1B*, 284 F.3d 821, 824 (8th Cir. 2002).

The Panel construed the relevant contract. The Award was well-supported by the evidence. The district court properly confirmed it. This Court should affirm the district court's Judgment.

# ARGUMENT

Neither the record nor the law supports Lindell's claim that the district court erred. To the contrary, the record establishes the Panel acted within its authority, considered evidence, applied the law, and issued an award consistent with the parties' agreement. A contrary result in this case would create unwarranted uncertainty about the finality of arbitrators' decisions. The district court properly confirmed the Award, and its judgment should be affirmed.

## A. STANDARD OF REVIEW.

Congress enacted the FAA to replace judicial resistance to arbitration with a national policy favoring it, placing arbitration agreements on equal footing with all other contracts. *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008); 9 U.S.C. §§ 1-14. The FAA supplies mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it. *Id.* at 582; 9 U.S.C. §§ 9–11. An application for any of these orders receives streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce an arbitral award in court. *Hall Street Associates*, 552 U.S. at 582 (citing 9 U.S.C. § 6). Under the terms of FAA § 9, a district court "must" confirm an arbitration award "unless" it is vacated, modified, or corrected "as prescribed" in §§ 10 and 11. *Id.* Section 10 lists the exclusive grounds for vacating an award, while § 11 names those for modifying

7

or correcting one. *Id.* at 582, 584, 586. "An arbitral award may be vacated only for the reasons enumerated in the FAA." *Crawford Group, Inc. v. Holekamp*, 543 F.3d 971, 976 (8th Cir. 2008); *see also Hall Street Associates*, 552 U.S. at 584, 586; *Medicine Shoppe Int'l, Inc. v. Turner Invs., Inc.*, 614 F.3d 485, 489 (8th Cir. 2010).

Section 10(a) of the FAA provides: "In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration— (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *Hall Street Associates*, 552 U.S. at 582 n.4 (quotations omitted); 9 U.S.C. § 10(a).

In reviewing a district court's order confirming an arbitrator's award, this Court accepts the district court's fact findings unless they are clearly erroneous, and decides questions of law *de novo*. *Schoch v. InfoUSA, Inc.*, 341 F.3d 785, 788 (8th Cir. 2003), *abrogated on other grounds by Hall Street Associates*, 552 U.S. at

8

584, 586. The Court's review of an underlying arbitration award is "extremely narrow." *Bureau of Engraving, Inc. v. Graphic Commc'n Int'l Union, Loc. 1B*, 284 F.3d 821, 824 (8th Cir. 2002). The award is entitled to "an extraordinary level of deference." *Schoch*, 341 F.3d at 788. This Court does not "sit to hear claims of factual or legal error by an arbitrator," and does not reconsider the merits of the award, "'even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract.'" *Bureau of Engraving*, 284 F.3d at 824 (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987)); *Schoch*, 341 F.3d at 788 (citation omitted).

The arbitrator's award "must be confirmed even if a court is convinced the arbitrator committed a serious error, so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Stark v. Sandberg, Phoenix & von Gontard, P.C.*, 381 F.3d 793, 798 (8th Cir. 2004) (quotations omitted); *see also Beumer Corp. v. ProEnergy Servs., LLC*, 899 F.3d 564, 565 (8th Cir. 2018). In sum, the "sole question" for the court is "whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong." *Indus. Steel Constr. Inc. v. Lunda Constr. Co.*, 33 F. 4th 1038, 1041 (8th Cir. 2022) (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013)).

9

## B. LINDELL FAILS TO RAISE ANY GROUND RECOGNIZED BY THE FAA THAT WOULD AUTHORIZE THIS COURT TO OVERTURN THE DISTRICT COURT'S RULING.

Lindell ignores the strict and exacting standards that control the review of an arbitrator's award, and ignores Supreme Court precedent that says the grounds for vacatur set forth by the FAA are *exclusive*.[1] Making no attempt to allege corruption, fraud, partiality or an abuse of power (grounds recognized by the FAA), Lindell instead says the Panel exceeded its authority to interpret the parties' contract. That argument is foreclosed: "Because the parties bargained for the arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits." *Oxford Health Plans*, 569 U.S. at 569 (quotations omitted). There is no dispute that the Panel analyzed the applicable contract and relied upon that contract in awarding Zeidman $5 million. Lindell's rehashed factual arguments cannot carry the day. Lindell has nothing. Lindell fails to meet the standard set forth by the FAA which provides the exclusive avenue through which this Court may alter or amend the Award. *Crawford Group*, 543 F.3d at 976.

---

[1] Lindell's argument (Brief of Appellant at 21 n.2) that the Court may entertain grounds to vacate other than those in FAA § 10 is not good law. *See Hall Street Associates*, 552 U.S. at 586. Since *Hall Street Associates* issued in 2008, a court can no longer "vacate an arbitration award if it is 'completely irrational,' which means 'it fails to draw its essence from the agreement,' or if the award evidences a manifest disregard for the law." *Medicine Shoppe*, 614 F.3d at 489.

10

Unable to assert any recognized grounds for vacating the Panel's award under the FAA, Lindell revisits various fact arguments about the Panel's interpretation of the parties' agreement that it made to the district court. But Lindell's regurgitation of its arguments made in the district court cannot prevail. Indeed, Lindell's argument that the Panel misinterpreted the contract is fatal to its appeal because it concedes the Panel did, in fact, interpret the applicable contract. This Court and the district court are bound to confirm an arbitration award "unless" it is vacated, modified, or corrected "as prescribed" in sections 10 and 11. Disputes about the arbitrator's interpretation of the contract are not grounds for vacatur or modification. Indeed, even if this Court were to disagree with a particular factual finding, or legal ruling, made by the Panel, that disagreement nonetheless would not provide a legal basis to alter or amend the Panel's award. *Beumer*, 899 F.3d at 565 ("An arbitrator does not 'exceed his powers' by making an error of law or fact, even a serious one. The parties agreed that disputes would be finally determined by arbitration, and 'so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the award should be confirmed.") (quoting *Medicine Shoppe*, 614 F.3d at 488); *accord Martinique Properties, LLC v. Certain Underwriters at Lloyd's of London*, 60 F.4th 1206, 1208 (8th Cir. 2023).

11

Appellate Case: 24-1608     Page: 16     Date Filed: 06/13/2024 Entry ID: 5403316

As to the grounds upon which an arbitrator's award may actually be vacated under the FAA, Lindell presents nothing to show the Award was procured by corruption, fraud, or undue means, or that the Panel members were partial or corrupt. Lindell makes no claims of misconduct of any kind. In the final analysis, Lindell simply disagrees with the results. Lindell's disagreement does not provide a basis for this Court to vacate the Award. *See Beumer*, 899 F.3d at 566 ("The parties bargained for the arbitrator's decision; if the arbitrator got it wrong, then that was part of the bargain."). Particularly considering the Court's "extremely narrow" standard of review and the "extraordinary level of deference" to which the Award is due, the district court was correct in confirming the Award in favor of Zeidman. *Bureau of Engraving*, 284 F.3d at 824; *Schoch*, 341 F.3d at 788. The Judgment of the district court should be affirmed.

# CONCLUSION

For all the above reasons, this Court should confirm the judgment below and enter judgment for Zeidman.

Dated: June 13, 2024          Respectfully submitted,

*/s/ Gregory Y. Porter*
Gregory Y. Porter
Ryan T. Jenny
BAILEY & GLASSER, LLP
1055 Thomas Jefferson Street, NW
Suite 540
Washington, DC 20007
(202) 463-2101
gporter@baileyglasser.com
rjenny@baileyglasser.com

*Counsel for Petitioner-Appellee
  Robert Zeidman*

# CERTIFICATE OF COMPLIANCE

1. This document complies with Fed. R. App. P. 32(a)(7)(B) type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

this document contains 2,770 words.

2. This document complies with the typeface requirements because:

This document has been prepared in a proportional spaced typeface using Microsoft Word in 14 point Times New Roman.

3. The electronic version of this brief is virus-free and the addendum has been scanned for viruses and is virus-free.

Dated: June 13, 2024          Respectfully submitted,

/s/ Gregory Y. Porter
Gregory Y. Porter
Ryan T. Jenny
BAILEY & GLASSER, LLP
1055 Thomas Jefferson Street, NW
Suite 540
Washington, DC 20007
(202) 463-2101
gporter@baileyglasser.com
rjenny@baileyglasser.com

*Counsel for Petitioner-Appellee
Robert Zeidman*

# CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2024, the Brief of Appellee Robert Zeidman was filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I further certify that, upon acceptance and request from the Court, the required paper copies of the foregoing will be deposited with United Parcel Service for delivery to the Clerk, UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT, St. Louis Clerk's Office.

Dated: June 13, 2024         Respectfully submitted,

*/s/ Gregory Y. Porter*
Gregory Y. Porter
Ryan T. Jenny
BAILEY & GLASSER, LLP
1055 Thomas Jefferson Street, NW
Suite 540
Washington, DC 20007
(202) 463-2101
gporter@baileyglasser.com
rjenny@baileyglasser.com

*Counsel for Petitioner-Appellee
    Robert Zeidman*