# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In Re Lindell Management LLC Litigation          Case No. 23-cv-1433 (JRT/DJF)

**ORDER**

       This matter is before the Court on Petitioner Robert Zeidman's request for reimbursement of the attorney's fees incurred in bringing his Motion to Compel Responses to Post-Judgment Discovery ("Motion") (ECF No. 62). The Court held a hearing on the Motion on July 17, 2024 and largely ruled on the Motion from the bench. During the hearing, Respondent admitted that it had not provided any responses—at all—to Petitioner's Interrogatories. Though Respondent produced a handful documents in response to Petitioner's Document Requests, it did not provide comprehensive responses to those requests and failed to produce any written responses or objections explaining why any documents were withheld.

       During the Motion hearing, the Court narrowed the scope of Petitioner's Interrogatories and Document Requests on grounds that the requests were overbroad and unduly burdensome in that they sought irrelevant information from third parties. The Court then ordered Respondent to respond to Petitioner's Interrogatories and Document Requests as narrowed (*see* ECF Nos. 83, 85). The Court reserved ruling on Petitioner's request for attorney's fees pending receipt of a written accounting of the fees Petitioner incurred in bringing the Motion (*see* ECF No. 85 at 2).

       Petitioner filed his written accounting on July 23, 2024 (ECF No. 87), and Respondent filed a response objecting to it on August 7, 2024 (ECF No. 90). Petitioner seeks $12,800 in attorney's fees for 16.1 hours billed at a rate of $800.00 per hour for work completed in connection

1

Appellate Case: 24-1608     Page: 1     Date Filed: 08/09/2024 Entry ID: 5422991

with his Motion (*see* ECF No. 87, 87-1). Respondent admits, "There is no dispute that the responses have been delinquent" and similarly does not contest the accuracy of Petitioner's time records. (ECF No. 90 ¶ 2.) The Court finds an award of fees under Rule 37 of the Federal Rules of Civil Procedure is warranted for these reasons.

Respondent requests a modification of the fees to be awarded, however, on grounds that the Court validated its major objection to Petitioner's requests and narrowed the scope of discovery. "District courts have 'broad discretion' in awarding attorney's fees." *Woodward v. Credit Serv. Int'l Corp.*, No. 23-cv-632 (KMM/ECW), 2024 WL 228454, at *3 (D. Minn. Jan. 22, 2024) (quoting *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)). Courts apply the lodestar approach to determine reasonable attorney's fees: determining the number of hours reasonably expended multiplied by a reasonable hourly rate. *Id.* (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986), *supplemented*, 483 U.S. 711 (1987); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 889 (8th Cir. 2018)).

"A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001). "In determining a reasonable hourly rate, district courts are permitted 'to rely on their own experience and knowledge of prevailing market rates.'" *Woodward*, 2024 WL 228454, at *3 (quoting *Hanig*, 415 F.3d at 825). "The party seeking fees has the burden to produce 'satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill, experience and reputation.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "In addition to having the burden of showing the reasonableness of the requested rate, the party applying for an award of attorney's fees has the burden of 'documenting the appropriate hours expended ….'" *Id.* (quoting

2

*Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002)). Courts must "determine whether the hours claimed were reasonably expended" and may rely upon their own knowledge and experience in reaching that determination. *Id.* (quoting *Harter*, 894 F.3d at 889).

Petitioner has not produced any evidence or affidavits supporting his requested rate of $800 per hour (*see* ECF No. 87). Without more, the Court cannot conclude that $800 per hour is in line with reasonable rates prevailing in this community. *See, e.g.*, *Woodward*, 2024 WL 228454, at *4 (applying a rate of $350 per hour after noting that "counsel's "declaration d[id] not offer any specific opinion regarding the prevailing market rates in the Twin Cities legal community for comparable cases" and further did not "point to any affidavit from another local practitioner offering any opinion regarding the reasonableness of the requested rate in the Twin Cities for a case like this one"); *J.W. ex rel. Tolbert v. Saint Paul Pub. Sch. Indep. Sch. Dist. No. 625*, 12-cv-1369 (DWF/JSM), 2013 WL 5177471, at *5-7 (D. Minn. Sept. 13, 2013) (applying an hourly rate of $300 dollars); *Christoff v. Unum Life Ins. Co. of Am.*, 17-cv-3512 (DWF/KMM), 2019 WL 6715067, at *4 (D. Minn. Dec. 10, 2019) (applying an hourly rate of $350 for lead counsel and $320 for assisting attorneys). Based on the information in the record and the Court's own knowledge and experience regarding prevailing market rates, and taking into account the uncomplicated nature of this discovery dispute, the Court concludes that an hourly rate of $400 per hour is most in line with those prevailing in the community for similar services.

Next, the Court agrees with Petitioner that 16.1 hours is a reasonable amount of time to expend on a motion to compel of this nature. However, "[a] party who achieves limited success is [only] entitled to recover a reasonable fee commensurate with the results obtained." *Allen v. Nat'l Transp. Safety Bd.*, 160 F.3d 431, 432 (8th Cir. 1998) (citing *Hensley*, 461 U.S. at 440; *Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir.1997)). Because the Court found Petitioner's

3

discovery requests were overbroad as drafted, and Petitioner's refusal to narrow the scope of those requests contributed to the costs he incurred, the Court applies a 30% deduction to counsel's hours for purposes of calculating the attorney's fee award.

A 30% deduction from the 16.1 hours claimed results in a reduction to 11.27 hours. Having determined that fees will be awarded at a rate of $400 per hour for 11.27 hours of work, the Court finds Petitioner is entitled to $4,508 in attorney's fees.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Petitioner's request for attorney's fees in his Motion to Compel Responses to Post-Judgment Discovery (ECF No. [62]) is **GRANTED IN PART** and **DENIED IN PART:**

1. Respondent is directed to reimburse Petitioner $4,508 in attorney's fees pursuant to Rule 37 of the Federal Rules of Civil Procedure.

Dated: August 8, 2024  *s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge